UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

DMITRY PLATONOV, as the Administrator of the
Estate of SERGUEI PLATONOV, deceased and
**LIOUDMILA PLATONOVA, individually,**

                    Plaintiff(s),                              Civil Action No.:

        -against-

**MATHEW COLANKERIL, M.D., MATHEW LETIZIA, D.O.,
GAUTAM SURANA, M.D., NILESH PATEL, M.D.,
TRINITAS REGIONAL MEDICAL CENTER,
MONMOUTH OCEAN HOSPITAL SERVICE CORP.,
AND SAINT MICHAEL'S MEDICAL CENTER,**

                    Defendant(s).

---

Plaintiffs, by their attorneys, MARK M. BASICHAS & ASSOCIATES, P.C., complaining of

the defendants, allege to this Court as follows:

That on or about the 25th of January, 2015, SERGUEI PLATONOV was a resident of the

County of Kings, City and State of New York, died intestate and thereafter on the 8th day of

May, 2015 Letters of Administration, were issued and granted to plaintiff, DMITRY

PLATONOV, by the State of New York, Kings County Surrogate's Court, the plaintiff

having duly qualified thereunder.

1.      This action arises under 28 United States Code, Sections 1332 and the Court has jurisdiction

        pursuant to 28 United States Code, Section 1332 and 1603.

2.      Plaintiff, DMITRY PLATONOV is a resident and domiciled in Kings County, 2823 West

        12th Street, Apt. 6H, Brooklyn, New York 11224.

3.      Plaintiff, LIOUDMILA PLATONOVA is a resident and domiciled in Kings County, 3405

        Neptune Avenue, Apt. 1541, Brooklyn, New York 11224.

4.      The defendant, MATHEW COLANKERIL, M.D. principal place of business is at Trinitas

        Regional Medical Center, 225 Williamson Street, Elizabeth, New Jersey 07207.

5.      The defendant, MATHEW LETIZIA, D.O. principal place of business is at Trinitas Regional Medical Center, 225 Williamson Street, Elizabeth, New Jersey 07207.

6.      The defendant, GAUTAM SURANA, M.D. principal place of business is at Trinitas Regional Medical Center, 225 Williamson Street, Elizabeth, New Jersey 07207.

7.      The defendant, NILESH PATEL, M.D. principal place of business is at St. Michael's Medical Center, 111 Central Avenue, Newark, New Jersey 07102.

8.      The defendant, TRINITAS REGIONAL MEDICAL CENTER principal place of business is at 225 Williamson Street, Elizabeth, New Jersey 07207.

9.      The defendant, MONMOUTH OCEAN HOSPITAL SERVICE CORP. principal place of business is at 4806 Megill Road, Wall Township, Neptune, NJ 07753.

10.      The defendant, SAINT MICHAEL'S MEDICAL CENTER principal place of business is at 111 Central Avenue, Newark, New Jersey 07102.

## AS FOR THE FIRST CAUSE OF ACTION AGAINST

## DEFENDANT MATHEW COLANKERIL, M.D.

11.      Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "10" of the within complaint with the same force and effect as though fully set forth at length.

12.      Defendant, MATHEW COLANKERIL, M.D. (hereinafter "COLANKERIL"), was and still is a physician duly licensed to practice medicine in the State of New Jersey.

13.      Defendant, COLANKERIL, did purport to care for and treat plaintiff-decedent at TRINITAS REGIONAL MEDICAL CENTER, 225 Williamson Street, Elizabeth, New Jersey 07207 and SAINT MICHAEL'S MEDICAL CENTER, 111 Central Avenue, Newark, New Jersey 07102.

14.     Defendant, COLANKERIL, held himself out to the public, and more particularly to the plaintiff-decedent, as possessing the proper degree of learning and skill and that he undertook to use reasonable care and diligence in the treatment of plaintiff-decedent.

15.     At all times hereinafter mentioned, upon information and belief, defendant, COLANKERIL, was and still is affiliated with TRINITAS REGIONAL MEDICAL CENTER and SAINT MICHAEL'S MEDICAL CENTER.

16.     At all times hereinafter mentioned, upon information and belief defendant, COLANKERIL, held himself out as possessing the proper degree of learning for the practice of his profession, possessing knowledge, skill and abilities of a physician similarly specializing in the community wherein he practices his profession and in rendition of all services in connection with the performance of medical services including but not limited to all procedures surgical and non surgical as well as treatment undertaken, to use reasonable care and diligence to members of the general public.

17.     The defendant, COLANKERIL during the course of treatment on January 22, 2015 by his agents, servants and employees, was negligent, careless and/or unskilled in that he failed and neglected to properly evaluate conditions manifested by said plaintiff- decedent; failed and neglected to exercise that degree of care, caution, prudence, skill, ability, professional knowledge and training generally possessed by physicians in the locality or similar localities; in failing to properly supervise the medical care, treatment and services rendered to said plaintiff-decedent; in performing useless, unnecessary and contraindicated services; in failing to obtain the necessary consultation; in failing and neglecting to provide adequately and properly trained, experienced and competent medical personnel to treat plaintiff-decedent's condition; in failing to take note of or adequately respond to plaintiff-decedent's manifested signs, symptoms and complaints; in failing to timely take medical measures to alleviate and/or cure plaintiff-decedent's medical conditions; in failing and

neglecting to properly promulgate and/or enforce reasonable rules, regulations, standards and policies regarding the medical treatment to be rendered; in failing to properly medicate the plaintiff-decedent; failed to administer appropriate medication in the catheterization lab; failed to properly medicate the plaintiff-decedent; failed to properly perform an angiogram; failed to timely perform an angiogram; negligently delayed administration of medication; in failing to adequately and properly analyze and interpret diagnostic tests; in failing and neglecting to make adequate medical notation regarding plaintiff-decedent's condition and progress; in that he deviated and departed from good and accepted principles of medical practice and were otherwise negligent and unskillful.

18.  That as a result of the foregoing, plaintiff-decedent became afflicted with serious, permanent and protracted personal injuries and suffered from irreversible, serious and severe complications, conditions and ailments, incurred severe pain and suffering and death.

19.  That the aforesaid was occasioned wholly and solely by the carelessness, negligence, unskillfulness and unprofessionalism of the defendant herein and without any negligence on the part of the plaintiff-decedent contributing thereto.

20.  As a result of the foregoing, the amount of damages sustained by plaintiff(s) herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

### AS OF THE SECOND CAUSE OF ACTION AGAINST
### DEFENDANT MATHEW LETIZIA, D.O.

21.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "20" of the within complaint with the same force and effect as though fully set forth at length.

22.   Defendant, MATHEW LETIZIA, D.O. ("LETIZIA"), was and still is a physician duly licensed to practice medicine in the State of New Jersey.

23.   Defendant, LETIZIA, did purport to care for and treat plaintiff decedent at TRINITAS REGIONAL MEDICAL CENTER, 225 Williamson Street, Elizabeth, New Jersey 07207.

24.   Defendant, LETIZIA, held himself out to the public, and more particularly to the plaintiff-decedent, as possessing the proper degree of learning and skill and that he undertook to use reasonable care and diligence in the treatment of plaintiff-decedent.

25.   At all times hereinafter mentioned, upon information and belief, defendant, LETIZIA, was and still is affiliated with TRINITAS REGIONAL MEDICAL CENTER.

26.   At all times hereinafter mentioned, upon information and belief defendant, LETIZIA, held himself out as possessing the proper degree of learning for the practice of his profession, possessing knowledge, skill and abilities of a physician similarly specializing in the community wherein he practices his profession and in rendition of all services in connection with the performance of medical services including but not limited to all procedures surgical and non surgical as well as treatment undertaken, to use reasonable care and diligence to members of the general public.

27.   The defendant, LETIZIA during the course of treatment on January 22, 2015, by his agents, servants and employees, was negligent, careless and/or unskilled in that he failed and neglected to properly evaluate conditions manifested by said plaintiff-decedent; failed and neglected to exercise that degree of care, caution, prudence, skill, ability, professional knowledge and training generally possessed by physicians in the locality or similar localities; in failing to properly supervise the medical care, treatment and services rendered to said plaintiff-decedent; in performing useless, unnecessary and contraindicated services; in failing to obtain the necessary consultation; failed to properly medicate the plaintiff-decedent; failed to properly perform an angiogram; failed to timely perform angiogram; in

failing and neglecting to provide adequately and properly trained, experienced and competent medical personnel to treat plaintiff-decedent's condition; in failing to take note of or adequately respond to plaintiff-decedent's manifested signs, symptoms and complaints; in failing to timely take medical measures to alleviate and/or cure plaintiff-decedent's medical conditions; in failing and neglecting to properly promulgate and/or enforce reasonable rules, regulations, standards and policies regarding the medical treatment to be rendered; in failing to properly medicate the plaintiff-decedent; in failing to adequately and properly analyze and interpret diagnostic tests; in failing and neglecting to make adequate medical notation regarding plaintiff-decedent's condition and progress; in that he deviated and departed from good and accepted principles of medical practice and were otherwise negligent and unskillful.

28.    That as a result of the foregoing, plaintiff-decedent became afflicted with serious, permanent and protracted personal injuries and suffered from irreversible, serious and severe complications, conditions and ailments, incurred severe pain and suffering and death.

29.    That the aforesaid was occasioned wholly and solely by the carelessness, negligence, unskillfulness and unprofessionalism of the defendant herein and without any negligence on the part of the plaintiff-decedent contributing thereto.

30.    As a result of the foregoing, the amount of damages sustained by plaintiff(s) herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

## AS OF THE THIRD CAUSE OF ACTION AGAINST
## DEFENDANT GAUTAM SURANA, M.D.

31.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "30" of the within complaint with the same force and effect as though fully set forth at length.

32.     Defendant, GAUTAM SURANA, M.D. (hereinafter "SURANA"), was and still is a physician duly licensed to practice medicine in the State of New Jersey.

33.     Defendant, SURANA, did purport to care for and treat plaintiff-decedent at TRINITAS REGIONAL MEDICAL CENTER, 225 Williamson Street, Elizabeth, New Jersey 07207.

34.     Defendant, SURANA, held himself out to the public, and more particularly to the plaintiff-decedent, as possessing the proper degree of learning and skill and that he undertook to use reasonable care and diligence in the treatment of plaintiff-decedent.

35.     At all times hereinafter mentioned, upon information and belief, defendant, SURANA, was and still is affiliated with TRINITAS REGIONAL MEDICAL CENTER.

36.     At all times hereinafter mentioned, upon information and belief defendant, SURANA, held himself out as possessing the proper degree of learning for the practice of his profession, possessing knowledge, skill and abilities of a physician similarly specializing in the community wherein he practices his profession and in rendition of all services in connection with the performance of medical services including but not limited to all procedures surgical and non surgical as well as treatment undertaken, to use reasonable care and diligence to members of the general public.

37.     The defendant, SURANA during the course of treatment on January 22, 2015 by his agents, servants and employees, was negligent, careless and/or unskilled in that he failed and neglected to properly evaluate conditions manifested by said plaintiff- decedent; failed and neglected to exercise that degree of care, caution, prudence, skill, ability, professional knowledge and training generally possessed by physicians in the locality or similar localities; in failing to properly supervise the medical care, treatment and services rendered to said plaintiff-decedent; in performing useless, unnecessary and contraindicated services; in failing to obtain the necessary consultation; failed to properly medicate the plaintiff-decedent; in failing and neglecting to provide adequately and properly trained,

experienced and competent medical personnel to treat plaintiff-decedent's condition; in failing to take note of or adequately respond to plaintiff-decedent's manifested signs, symptoms and complaints; in failing to timely take medical measures to alleviate and/or cure plaintiff-decedent's medical conditions; in failing and neglecting to properly promulgate and/or enforce reasonable rules, regulations, standards and policies regarding the medical treatment to be rendered; in failing to properly medicate the plaintiff-decedent; in failing to adequately and properly analyze and interpret diagnostic tests; in failing and neglecting to make adequate medical notation regarding plaintiff-decedent's condition and progress; in that he deviated and departed from good and accepted principles of medical practice and were otherwise negligent and unskillful.

38.     That as a result of the foregoing, plaintiff-decedent became afflicted with serious, permanent and protracted personal injuries and suffered from irreversible, serious and severe complications, conditions and ailments, incurred severe pain and suffering and death.

39.     That the aforesaid was occasioned wholly and solely by the carelessness, negligence, unskillfulness and unprofessionalism of the defendant herein and without any negligence on the part of the plaintiff-decedent contributing thereto.

40.     As a result of the foregoing, the amount of damages sustained by plaintiff(s) herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

## AS FOR THE FOURTH CAUSE OF ACTION AGAINST

## DEFENDANT NILESH PATEL, M.D.

41.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "40" of the within complaint with the same force and effect as though fully set forth at length.

42. Defendant, NILESH PATEL, M.D. (hereinafter "PATEL"), was and still is a physician duly licensed to practice medicine in the State of New Jersey.

43. Defendant, PATEL, did purport to care for and treat plaintiff-decedent at SAINT MICHAEL'S MEDICAL CENTER, 111 Central Avenue, Newark, New Jersey 07102.

44. Defendant, PATEL, held himself out to the public, and more particularly to the plaintiff-decedent, as possessing the proper degree of learning and skill and that he undertook to use reasonable care and diligence in the treatment of plaintiff-decedent.

45. At all times hereinafter mentioned, upon information and belief, defendant, PATEL, was and still is affiliated with SAINT MICHAEL'S MEDICAL CENTER, 111 Central Avenue, Newark, New Jersey 07102.

46. At all times hereinafter mentioned, upon information and belief defendant, PATEL, held himself out as possessing the proper degree of learning for the practice of his profession, possessing knowledge, skill and abilities of a physician similarly specializing in the community wherein he practices his profession and in rendition of all services in connection with the performance of medical services including but not limited to all procedures surgical and non surgical as well as treatment undertaken, to use reasonable care and diligence to members of the general public.

47. The defendant, PATEL during the course of treatment on January 22, 2015 by his agents, servants and employees, was negligent, careless and/or unskilled in that he failed and neglected to properly evaluate conditions manifested by said plaintiff- decedent; failed and neglected to exercise that degree of care, caution, prudence, skill, ability, professional knowledge and training generally possessed by physicians in the locality or similar localities; in failing to properly supervise the medical care, treatment and services rendered to said plaintiff-decedent; in performing useless, unnecessary and contraindicated services; in failing to obtain the necessary consultation; in failing and neglecting to provide

adequately and properly trained, experienced and competent medical personnel to treat plaintiff-decedent's condition; in failing to take note of or adequately respond to plaintiff-decedent's manifested signs, symptoms and complaints; in failing to timely take medical measures to alleviate and/or cure plaintiff-decedent's medical conditions; in failing and neglecting to properly promulgate and/or enforce reasonable rules, regulations, standards and policies regarding the medical treatment to be rendered; in failing to properly medicate the plaintiff-decedent; in failing to adequately and properly analyze and interpret diagnostic tests; in failing and neglecting to make adequate medical notation regarding plaintiff-decedent's condition and progress; in that he deviated and departed from good and accepted principles of medical practice and were otherwise negligent and unskillful.

48.   That as a result of the foregoing, plaintiff-decedent became afflicted with serious, permanent and protracted personal injuries and suffered from irreversible, serious and severe complications, conditions and ailments, incurred severe pain and suffering and death.

49.   That the aforesaid was occasioned wholly and solely by the carelessness, negligence, unskillfulness and unprofessionalism of the defendant herein and without any negligence on the part of the plaintiff-decedent contributing thereto.

50.   As a result of the foregoing, the amount of damages sustained by plaintiff(s) herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

### AS OF THE FIFTH CAUSE OF ACTION AGAINST
### DEFENDANT TRINITAS REGIONAL MEDICAL CENTER

51.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "50" of the within complaint with the same force and effect as though fully set forth at length.

52. Defendant TRINITAS REGIONAL MEDICAL CENTER hereinafter "TRINITAS" by its agents, servants, physicians and/or employees did purport to care for and treat plaintiff decedent at their medical facility located at 225 Williamson Street, Elizabeth, New Jersey 07207.

53. Defendant, TRINITAS held itself out to the public as hospital that employs physicians and staff that possess the proper degree of learning and skill and that it undertook through its employees, agents, staff and servants to use reasonable care and diligence in the treatment of plaintiff-decedent.

54. At all times hereinafter mentioned, upon information and belief, Defendant, TRINITAS managed, operated and controlled its emergency rooms, operating rooms, recovery rooms, wards, beds, bedrooms, laboratories and other diagnostic and treatment facilities in other areas, equipment, facilities and appurtenances used in connection therewith.

55. At all times hereinafter mentioned, upon information and belief, Defendant, TRINITAS controlled and supervised the nurses, interns, residents, technicians, servants, employees and personnel in and about the said hospital who rendered care and other services to the plaintiff-decedent.

56. At all times hereinafter mentioned, upon information and belief, Defendant, TRINITAS controlled and supervised physicians in and about said hospitals who rendered care and other services to the plaintiff-decedent.

57. That on January 22, 2015, Defendant, TRINITAS, its physicians, nurses, agents, servants, physicians and/or employees did purport to care for and treat plaintiff-decedent.

58. That defendant, TRINITAS, during the course of treatment, by their agents, servants and employees, was negligent, careless and/or unskilled in that they failed and neglected to properly evaluate conditions manifested by plaintiff-decedent; failed and neglected to

exercise that degree of care, caution, prudence, skill, ability, professional knowledge and

training generally possessed by physicians, surgeons and hospitals in the locality or

similar localities; in failing to properly supervise the medical care, treatment and services

rendered to said plaintiff-decedent by postgraduate trainees to assure provision of quality

patient care; in performing useless, unnecessary and contraindicated services; in failing

to obtain the necessary consultation; in failing and neglecting to provide adequately and

properly trained, experienced and competent medical personnel to treat plaintiff-

decedent's condition; failed to properly medicate the plaintiff-decedent; failed to

properly perform an angiogram; failed to timely perform angiogram; in failing to take

note of or adequately respond to plaintiff-decedent's manifested signs, symptoms and

complaints; in failing to timely take medical measures to alleviate and/or cure plaintiff-

decedent's medical conditions; in failing and neglecting to properly promulgate and/or

enforce reasonable rules, regulations, standards and policies regarding the medical

treatment to be rendered; in failing to properly medicate the plaintiff-decedent; in failing

to adequately and properly analyze and interpret diagnostic tests; in misdiagnosing

plaintiff-decedent's condition; in failing and neglecting to make adequate medical

notations regarding plaintiff-decedent's condition and progress; in failing to properly

perform necessary operative procedures; in failing to timely perform necessary operative

procedures; in carelessly and negligently performing surgical procedures; in failing to

timely administer medication to alleviate plaintiff- decedent's condition; in failing to

administer proper medications to plaintiff-decedent to alleviate plaintiff-condition;  in

that they deviated and departed from good and accepted principles of medical practice.

59.    That as a result of the foregoing, plaintiff-decedent became afflicted with serious,

permanent and protracted personal injuries and suffered from irreversible, serious and

severe complications, conditions and ailments, incurred severe pain and suffering and death.

60.   That the aforesaid was occasioned wholly and solely by the carelessness, negligence, unskillfulness and unprofessionalism of the defendant herein and without any negligence on the part of the plaintiff-decedent contributing thereto.

61.   As a result of the foregoing, the amount of damages sustained by plaintiff(s) herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

## AS FOR THE SIXTH CAUSE OF ACTION AGAINST
## DEFENDANT MONMOUTH OCEAN HOSPITAL SERVICE CORP.

62.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "61" of the within complaint with the same force and effect as though fully set forth at length.

63.   Defendant MONMOUTH OCEAN HOSPITAL SERVICE CORP.,  hereinafter "MONMOUTH" by its agents, servants, physicians and/or employees did purport to care for and transport plaintiff-decedent from TRINITAS REGIONAL MEDICAL CENTER TO SAINT MICHAEL'S MEDICAL CENTER.

64.   At all times hereinafter mentioned, upon information and belief, defendant MONMOUTH owned, operated, managed, controlled and maintained emergency service ambulances.

65.   At all times hereinafter mentioned, upon information and belief, defendant, MONMOUTH, provided emergency care services.

66.   Defendant, MONMOUTH, held itself out to the public as an health organization employing and managing physicians and staff that possess the proper degree of learning and skill and that it undertook through its employees, agents, staff and servants to use

reasonable care and diligence in the transportation and treatment of plaintiff-decedent; failed to timely transport plaintiff-decedent; and negligently refused to transport the plaintiff-decedent.

67. At all times hereinafter mentioned, upon information and belief, Defendant, MONMOUTH, controlled and supervised the drivers, attendants, emergency medical terminal, employees and/or personnel who transported and rendered care and other services to the plaintiff-decedent.

68. That on January 22, 2015, while SERGUEI PLATONOV was under the care of MONMOUTH the defendants caused him to sustain permanent personal injuries and death through their acts of negligence; in failing to properly assess the plaintiff-decedent; in failing to timely assess the decedent; in negligently delaying transporting the plaintiff-decedent to a hospital; failed to timely transfer the plaintiff-decedent; negligently refused transporting the plaintiff-decedent; in carelessly and negligently transporting the plaintiff-decedent; in negligently permitting the plaintiff-decedent to remain without appropriate medical care and treatment; defendants caused him to sustain permanent personal injuries and death through their acts of negligence and malpractice as alleged above.

69. That by reason of the negligence of the defendants, aforesaid, the plaintiff-decedent sustained great bodily injuries and severe pain and suffering and untimely death.

70. All plaintiff-decedent's injuries were caused by the negligence of the defendant and without any negligence on the part of the plaintiff-decedent contributing thereto.

71. As a result of the foregoing, the amount of damages sustained by plaintiff(s) herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

## AS FOR THE SEVENTH CAUSE OF ACTION AGAINST

## DEFENDANT SAINT MICHAEL'S MEDICAL CENTER

72.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs "1" through "71" of the within complaint with the same force and effect as

though fully set forth at length.

73.    Defendant, SAINT MICHAEL'S MEDICAL CENTER, hereinafter "ST. MICHAEL'S"

by its agents, servants, physicians and/or employees did purport to care for and treat

plaintiff-decedent at their medical facility located at 111 Central Avenue, Newark, New

Jersey 07102.

74.    Defendant, ST. MICHAEL'S held itself out to the public as hospital that employs

physicians and staff that possess the proper degree of learning and skill and that it

undertook through its employees, agents, staff and servants to use reasonable care and

diligence in the treatment of plaintiff-decedent.

75.    At all times hereinafter mentioned, upon information and belief, Defendant, ST.

MICHAEL'S managed, operated and controlled its emergency rooms, operating rooms,

recovery rooms, wards, beds, bedrooms, laboratories and other diagnostic and treatment

facilities in other areas, equipment, facilities and appurtenances used in connection

therewith.

76.    At all times hereinafter mentioned, upon information and belief, Defendant, ST.

MICHAEL'S controlled and supervised the nurses, interns, residents, technicians,

servants, employees and personnel in and about the said hospital who rendered care and

other services to the plaintiff-decedent.

77.    At all times hereinafter mentioned, upon information and belief, Defendant, ST.

MICHAEL'S controlled and supervised physicians in and about said hospitals who

rendered care and other services to the plaintiff-decedent.

78.    That on January 22, 2015, Defendant, ST. MICHAEL'S, its physicians, nurses, agents, servants, physicians and/or employees did purport to care for and treat plaintiff-decedent.

79.    That defendant, ST. MICHAEL'S, during the course of treatment, by their agents, servants and employees, was negligent, careless and/or unskilled in that they failed and neglected to properly evaluate conditions manifested by plaintiff-decedent; failed and neglected to exercise that degree of care, caution, prudence, skill, ability, professional knowledge and training generally possessed by physicians, surgeons and hospitals in the locality or similar localities; in failing to properly supervise the medical care, treatment and services rendered to said plaintiff-decedent by postgraduate trainees to assure provision of quality patient care; in performing useless, unnecessary and contraindicated services; in failing to obtain the necessary consultation; in failing and neglecting to provide adequately and properly trained, experienced and competent medical personnel to treat plaintiff-decedent's condition; in failing to take note of or adequately respond to plaintiff-decedent's manifested signs, symptoms and complaints; in failing to timely take medical measures to alleviate and/or cure plaintiff-decedent's medical conditions; in failing and neglecting to properly promulgate and/or enforce reasonable rules, regulations, standards and policies regarding the medical treatment to be rendered; in failing to properly medicate the plaintiff-decedent; in failing to adequately and properly analyze and interpret diagnostic tests; in misdiagnosing plaintiff-decedent's condition; in failing and neglecting to make adequate medical notations regarding plaintiff- decedent's condition and progress; in failing to properly perform necessary operative procedures; in failing to timely perform necessary operative procedures; in carelessly and negligently performing surgical procedures; in failing to timely administer medication to alleviate plaintiff-decedent's condition; in failing to administer proper medications to plaintiff-

decedent to alleviate his condition; in that they deviated and departed from good and accepted principles of medical practice.

80. That as a result of the foregoing, plaintiff-decedent became afflicted with serious, permanent and protracted personal injuries and suffered from irreversible, serious and severe complications, conditions and ailments, incurred severe pain and suffering and death.

81. That the aforesaid was occasioned wholly and solely by the carelessness, negligence, unskillfulness and unprofessionalism of the defendant herein and without any negligence on the part of the plaintiff decedent contributing thereto.

82. As a result of the foregoing, the amount of damages sustained by plaintiff(s) herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

### AS FOR THE EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

83. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "82", inclusive, of the instant complaint with the same force and effect as though fully set forth at length herein.

84. The defendants failed to make a reasonable disclosure of the material risks, alternatives and advantages to the treatment and the proposed benefits therefrom to the plaintiff-decedent, SERGUEI PLATONOV.

85. Defendants failed to obtain said plaintiff-decedent's informed consent and proximately caused said plaintiff-decedent's injuries and death.

86. The amount of damages sought herein exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction in this matter.

### AS FOR THE NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

87.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "86" of the within complaint with the same force and effect as though fully set forth at length.

88.  Plaintiff decedent died on January 25, 2015, solely as a result of the negligence of the defendants herein.

89.  By reason of the foregoing, plaintiff and the heirs and distributees he represents  were caused to sustain the loss of society, services, and inheritance of the decedent, and were caused to incur funeral expenses. By reason of the foregoing, plaintiff LIOUDMILA PLATONOVA has been deprived of the services of plaintiff-decedent, and has lost the maintenance, support, relationship, society and comfort of the deceased and has suffered pecuniary loss as a result of the decedent's death.

90.  By reason of the negligence of the Defendants in connection with the injuries sustained by SERGUEI PLATONOV and his resultant death, decedent's distributees including but not limited to DMITRY PLATONOV and LIOUDMILA PLATONOVA necessarily were caused extreme anguish and mental suffering and necessarily incurred and became obligated to pay medical, funeral and other expenses related to the death and burial of the decedent.

91.  The amount of damages sought herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

### AS FOR THE TENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

92.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs of the complaint numbered "1" through "91" inclusive, and with the same force and effect as if more fully set forth at length herein.

93.  On January 22, 2015, Defendants, their agents, servants, physicians and/or employees did purport to care for and treat plaintiff-decedent, including their clinics and affiliated clinics in the City, State of New Jersey and County of Union.

94.  The defendants, during the course of treatment between January 22, 2015, by their agents, servants and employees, were negligent, careless and/or unskilled in that they failed and neglected to properly evaluate conditions manifested by said plaintiff-decedent; failed and neglected to exercise that degree of care, caution, prudence, skill, ability, professional knowledge and training generally possessed by physicians, physicians assistants, surgeons, nurses and hospitals in the locality or similar localities; in failing to properly supervise the medical care, treatment and services rendered to said plaintiff-decedent; in performing useless, unnecessary and contraindicated services; in failing to obtain the necessary consultation; in failing and neglecting to provide adequately and properly trained, experienced and competent medical personnel to treat plaintiff-decedent's condition; in failing to take note of or adequately respond to plaintiff-decedent's manifested signs, symptoms and complaints; in failing to timely take medical measures to alleviate and/or cure plaintiff-decedent's medical conditions; in failing and neglecting to properly promulgate and/or enforce reasonable rules, regulations, standards and policies regarding the medical treatment to be rendered; in failing to properly medicate the plaintiff-decedent; in failing to adequately and properly analyze and interpret diagnostic tests; in failing and neglecting to make adequate medical notation regarding plaintiff-decedent's condition and progress; in failing to properly perform necessary operative procedures; in failing to timely perform necessary operative procedures; in carelessly and negligently performing surgical procedures; in that they deviated and departed from good and accepted principles of medical practice and were further negligent and unskillful.

95.  That as a result of the foregoing, plaintiff-decedent became afflicted with serious, permanent and protracted personal injuries and suffered from irreversible, serious and severe complications, conditions and ailments, and incurred severe pain and suffering and death.

96. That the aforesaid was occasioned wholly and solely by the carelessness, negligence, unskillfulness and unprofessional manner of the defendants herein and without any negligence on the part of the plaintiff-decedent contributing thereto.

97. As a result of the foregoing, the amount of damages sustained by plaintiff(s) herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

**WHEREFORE**, the plaintiffs, pray for judgment for general relief and damages and demand judgment against the defendant MATHEW COLANKERIL, M.D. on the First Cause of Action for the sum of FIVE MILLION DOLLARS($5,000,000.00), MATHEW LETIZIA, D.O. on the Second Cause of Action for the sum of FIVE MILLION DOLLARS ($5,000,000.00), GAUTAM SURANA, M.D. on the Third Cause of Action for the sum of FIVE MILLION DOLLARS ($5,000,000.00), NILESH PATEL, M.D. on the Fourth Cause of Action for the sum of FIVE MILLION DOLLARS ($5,000,000.00), TRINITAS REGIONAL MEDICAL CENTER on the Fifth Cause of Action for the sum of FIVE MILLION DOLLARS ($5,000,000.00), MONMOUTH OCEAN HOSPITAL SERVICE CORP on the Sixth Cause of Action for the sum of FIVE MILLION DOLLARS ($5,000,000.00) and SAINT MICHAEL'S MEDICAL CENTER on the Seventh Cause of Action for the sum of FIVE MILLION DOLLARS ($5,000,000.00) for a total sum of $35,000,000.00 together with such other and further relief as this Court deems just and proper, with costs and disbursements of this action.

Dated: New York, New York
February 9, 2016

ALEKSEY FEYGIN (AF1847)
MARK M. BASICHAS & ASSOCIATES, P.C.
Attorneys for Plaintiffs
OFFICE & P.O. ADDRESS
233 Broadway, Suite 2707
New York, New York 10279
212-476-0999

UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

DMITRY PLATONOV, as the Administrator of the
Estate of SERGUEI PLATONOV, deceased and
LIOUDMILA PLATONOVA, individually,

|  |  |
|---|---|
| Plaintiff(s), | Civil Action No.: |
| -against- | CERTIFICATION |

MATHEW COLANKERIL, M.D., MATHEW LETIZIA, D.O.,
GAUTAM SURANA, M.D., NILESH PATEL, M.D.,
TRINITAS REGIONAL MEDICAL CENTER,
MONMOUTH OCEAN HOSPITAL SERVICE CORP.,
AND SAINT MICHAEL'S MEDICAL CENTER,

Defendant(s).

ALEKSEY FEYGIN an attorney duly admitted to practice law before the Courts

of the State of New York, certifies under the penalty of perjury as follows:

I have reviewed the facts of this case and have consulted with a physician specializing in

interventional cardiology who is licensed to practice in the State of New York, and who is

knowledgeable, upon information and belief in the relevant issues involved in this action, and

that I have concluded after such review and consultation that there is a reasonable basis for the

commencement of the within action.

DATED:    New York, New York
          February 9, 2016

ALEKSEY FEYGIN (AF1847)